**SO ORDERED.**

**SIGNED this 18th day of April, 2013.**



_____Dale L. Somers_____
Dale L. Somers
United States Bankruptcy Judge
_____

REDMOND & NAZAR, L.L.P.
245 North Waco, Suite 402
Wichita, KS 67202-1117
(316) 262-8361 / (316) 263-0610, facsimile

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

IN RE:

Stephanie Alene Manuel

Case No. 12-10480
Chapter 7

Debtor(s)

### JOURNAL ENTRY AND ORDER APPROVING
### INTENDED COMPROMISE AND SETTLEMENT

THIS MATTER comes on before the Court on the Trustee's Notice of Intended Compromise and Settlement. The Trustee, Edward J. Nazar, appears by and through his counsel Nicholas R. Grillot of Redmond & Nazar, L.L.P. Morgan Drexen appears by and through its attorney Jeffrey A. Befort of Befort Law Firm, LLC. There are no other appearances and none are necessary.

After reviewing the pleadings, and being duly advised on the premises, the Court makes the following findings:

1.  The Debtors filed bankruptcy on March 7, 2012. The Plaintiff was appointed the Debtor's Chapter 7 Trustee.

In the United States Bankruptcy Court for the District of Kansas
IN RE: Stephanie Alene Manuel
Bankruptcy Case No. 12-10480-7
Journal Entry and Order Approving Intended Compromise and Settlement
Page 2

2. Before the Debtors filed bankruptcy, the Debtors contracted with Lawrence Williamson, a Kansas attorney, and his law firm, Williamson Law Firm, LLC, for legal services. The Debtors paid Williamson Law Firm, LLC a monthly amount. Williamson Law Firm and its contractor, Morgan Drexen, Inc. ("Morgan Drexen"), attempted to negotiate with the debtor's creditors to resolve any outstanding debt.

3. Under 11 U.S.C. § 541 when the Debtors filed bankruptcy, the Trustee has the right to pursue any cause of action the Debtors may have had against Morgan Drexen.

4. The Trustee filed a complaint against Morgan Drexen asserting that the arrangement between the Debtor, the Kansas attorney and Morgan Drexen constituted a debt management program (the "Program") and that Morgan Drexen violated the Kansas Credit Service Organization Act ("KCSOA"), Kan. Stat. Ann. 50-1118 and Kan. Stat. Ann. 50-1120 et seq.

5. The parties have reached a resolution of the Trustee's claims. The Morgan Drexen offered to pay the Trustee $2,000.00 in full settlement of all claims the Trustee has against Morgan Drexen. The Trustee is desirous of accepting this offer.

6. A Bankruptcy Court's decision to approve the settlement must be an informed one based upon the objective evaluation of the developed facts. *Reis v. Hagmann*, 881 F.2d. 890 (10th Cir. 1989). The Court should consider the likelihood of success and the expected delay caused by the litigation *id.*. Compromise is favored in bankruptcy. *In Re Southern Medical Arts Companies, Inc.*, 343 B.R. 250 (BAP 10th Cir. 2006). The Tenth Circuit BAP has developed the four-prong test for evaluating compromises:

> "(1)   the chance of success on the litigation on the merit;

In the United States Bankruptcy Court for the District of Kansas
IN RE: Stephanie Alene Manuel
Bankruptcy Case No. 12-10480-7
Journal Entry and Order Approving Intended Compromise and Settlement
Page 3

   (2) possible problems in collecting the judgment;

   (3) the expense and complexity of the litigation; and

   (4) the interest of the creditors."

*Southern Medical Arts*, 343 B.R. at 256. *See also In Re Kopexa Realty Venture Company*, 213 B.R. 1020 (BAP 10th Cir. 1997).

7. "The purpose behind compromises is to allow the Trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Southern Medical Arts*, 343 B.R. at 255.

8. The decision of whether to approve a settlement is within the sound discretion of the Bankruptcy Court. *In Re Flight Transportation Corp. Securities Litigation*, 730 F.2d 1128, 1136 (8th Cir. 1984); *In Re Revelle*, 259 B.R. 905 (Bankr. W.D. Mo. 2001).

9. The standard for approval of a compromise is whether the proposed compromise is "fair and equitable" and in the best interest of the estate. *In Re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988).

10. The Trustee's judgment in recommending a settlement should not be substituted as long as the settlement is reasonable. *Id. See also In Re Texas Extrusion Corp.*, 836 F.2d. 217 (5th Cir. 1988).

11. The Trustee asserts that the Compromise and Settlement should be approved because it falls within the range of reasonableness. Bankruptcy Rule 9019(a) provides in relevant part:

> "On motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

12. Compromise and settlement are a "normal part of the process of (bankruptcy) process"

In the United States Bankruptcy Court for the District of Kansas
IN RE: Stephanie Alene Manuel
Bankruptcy Case No. 12-10480-7
Journal Entry and Order Approving Intended Compromise and Settlement
Page 4

*Protective Commission for Independent Stock holders of TNT Trailer Berry, Inc. v. Anderson*, 390 U.S. 414, 428 (1968) (quoting *Case v. Los Angeles Lumber Products, Co.*, 308 U.S. 106, 130 (1939)). To approve a compromise under Bankruptcy Rule 9019 (a) the Bankruptcy Court should find the compromise and settlement reasonable and in the best interests of the Debtors' estate. See *In Re Ionosphere Clubs, Inc.*, 156 BR 414, 426 (S.D.NY 1993), Aff'd, 17 F.3d 600 (2d Cir. 1994). The decision to approve a particular settlement lies within the sound discretion of the Bankruptcy Court. *Nellis v. Shugrue*, 165 BR 115, 123 (S.D.NY 1994). Exercising its discretion, the Bankruptcy Court must make an independent determination that the settlement is fair and reasonable. *Id at 122* the Court may consider the options of the Trustee or Debtor-in-Possession if the settlement is fair and reasonable. *In Re Purofied Downs Products Corp.*, 150 BR 519, 522 (S.D.NY 1993). In addition, the Bankruptcy Court may exercise its discretion, in light of the general public policy, in approving settlements. *In Re Hibbard Brown & Co., Inc.*, 217 BR 41 (Bankr. S.D.NY 1998); see *Nellis v. Shugrue*, 165 BR 123 quoted above.

13. In determining whether to approve a proposed settlement, the Bankruptcy Court should "canvass" the issues and see whether the " 'settlement fall[s] below the lowest point in the range of reasonableness' ", *In Re W.T. Grant Co.*, 699 F.2d 599, 608 (2d 1983). This compromise and settlement is fair and reasonable and falls well within the range of reasonableness.

14. The Trustee, therefore, believes that it is appropriate to approve the compromise and settlement.

15. The Court finds that the Trustee has complied with Bankruptcy Rule 9019(a) by providing notice and a hearing on the a compromise and settlement.

16. The Court further finds that the settlement is reasonable as that term is defined in Bankruptcy

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Stephanie Alene Manuel
         Bankruptcy Case No. 12-10480-7
         Journal Entry and Order Approving  Intended Compromise and Settlement
Page 5

Law and that the Trustee's compromise and settlement with the Debtors is approved.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED  that the compromise and settlement as set forth herein is approved.

IT IS SO ORDERED.

# # #

PREPARED AND APPROVED BY:

REDMOND & NAZAR, L.L.P.


/s/ Nicholas R. Grillot
Nicholas R. Grillot, #22054
245 N. Waco Street, Suite 402
Wichita, Kansas 67202
316-262-8361 / 316-263-0610 fax
ngrillot@redmondnazar.com
Attorneys for Trustee


APPROVED BY:

BEFORT LAW FIRM, LLC

/s/ Jeffrey A. Befort
Jeffrey A. Befort (D. Kan. 70585; KS 24072)
4035 Central Street
Kansas City, MO 64111
befortlaw@gmail.com
Attorney for Morgan Drexen, Inc.

```
                          United States Bankruptcy Court
                                District of Kansas
In re:                                                      Case No. 12-10480-DLS
Stephanie Alene Manuel                                      Chapter 7
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 1083-6          User: deborah          Page 1 of 2          Date Rcvd: Apr 18, 2013
                              Form ID: pdf020        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 20, 2013.
              +Jeffrey A Befort,    4035 Central Street,    Kansas City, MO 64111-2207

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 20, 2013**                              **Signature:**  _/s/ Joseph Speetjens_

```
District/off: 1083-6                User: deborah              Page 2 of 2              Date Rcvd: Apr 18, 2013
                                    Form ID: pdf020            Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 18, 2013 at the address(es) listed below:

          Donald C. Astle   on behalf of Debtor Stephanie Manuel ecf@astlelaw.com
          Edward J Nazar    ebn1@redmondnazar.com, enazar@ecf.epiqsystems.com
          Jeffrey A Befort   on behalf of Defendant Morgan Drexen, Inc. jeff@befortlawkc.com, befortlaw@gmail.com
          Nicholas R Grillot   on behalf of Plaintiff Edward Nazar ngrillot@redmondnazar.com, dhatanelas@redmondnazar.com
          U.S. Trustee    ustpregion20.wi.ecf@usdoj.gov

                                                                                                                                                                                 TOTAL: 5